UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SORAIDA FLORES, as Personal Representative of the Estate of ERICA FLORES, deceased, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )  No. 2:19 CV 64<br>) |
| CITY OF SOUTH BEND, a municipal corporation, and JUSTIN GORNY, | )<br>)<br>) |
| Defendants. | ) |

## OPINION and ORDER

This matter is before the court on defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE # 19.) For the reasons that follow, the motion is granted.

## I.   BACKGROUND [1]

According to plaintiff, at about 4:30 a.m., on July 20, 2018, five members of the South Bend Police Department ("SBPD") were assigned to an area in northwest South Bend determined to be a "hot spot" requiring increased police monitoring. Two of these officers observed a vehicle speeding in this area, and communicated a need for assistance in conducting a traffic stop over the tactical channel. The remaining three officers responded, and began to assist.

---

[1] Because this matter is before the court on defendants' Rule 12(b)(6) motion, the court will consider the facts in a light most favorable to plaintiff. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013).

Meanwhile, a sixth officer, defendant Justin Gorny, who was not assigned to patrol the "hotspot," also proceeded to the area in question, which was two miles from his location. Plaintiff alleges that Gorny greatly exceeded the speed limit as he drove to the "hotspot," reaching 78 mph in a 30 mph zone at one point, and 98 mph at another point, inconsistently activating his lights and sirens throughout. Plaintiff asserts that, upon reaching the intersection of Kaley and Western Avenues, Gorny disregarded a red light and proceeded through the intersection without slowing, colliding with a vehicle driven by Erica Flores, and causing her death.

Plaintiff, the representative of the estate of Erica Flores, filed suit against Gorny and the City of South Bend ("the City"), alleging that Gorny violated her constitutional right to substantive due process in violation of the Fourteenth Amendment of the Constitution and 42 U.S.C. § 1983 (Count I). Plaintiff also alleged that the City violated Flores's constitutional rights by failing to adequately train its employees (Count II) and employing *de facto* policies which caused Flores's death (Count III). Finally, plaintiff's complaint contained two wrongful death claims rooted in alleged violations of state law (Counts IV & V).

Defendants have moved to dismiss all claims. (DE # 19.) The motion is fully briefed and ripe for ruling.

## II. LEGAL STANDARD

A judge reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in the complaint in the light most favorable to the non-moving party, accept

2

all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Reger Dev., LLC v. Nat'l City Bank*, 595 F.3d 759, 763 (7th Cir. 2010). Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## III. DISCUSSION

### A. Federal Claims

#### 1. Claims Against Gorny

Defendants seek dismissal of plaintiff's substantive due process claim, filed pursuant to § 1983, against defendant Gorny. Plaintiff devotes a significant portion of her brief to arguing that this case involved a "non-emergency" situation (as opposed to a "high-speed chase"). The court need not delve into the minutiae of that issue, though, because defendants are correct that, even if it were a "non-emergency" situation as plaintiff urges, Gorny cannot be held liable under § 1983.

The decision of the Seventh Circuit Court of Appeals in *Hill v. Shobe,* 93 F.3d 418, 420-21 (7th Cir. 1996), is instructive. In that case, the defendant police officer "was not responding to any police emergency." *Id.* at 420. Nonetheless, the officer drove "well over the speed limit," "ran a red light," and "crashed into the car which [the plaintiff]

3

was driving." *Id.* In articulating the test applicable to the non-emergency scenario, the Seventh Circuit stated that "the state actor must have sufficient knowledge of the danger that one can infer he intended to inflict the resultant injury." *Id.* at 421. "A lesser degree of knowledge does not violate the due process clause. As a result, it would not be enough even if plaintiffs in the case at bar had proved beyond dispute that [defendant], like any reasonable person, knew that driving at high speed at night without lights could have potentially fatal consequences. . . . [P]laintiffs were required to demonstrate that [defendant] was willing to let a fatal collision occur." *Id.* The court went on to apply this standard to the facts before it, ultimately holding that the plaintiffs' allegations of driving over the speed limit and running a red light did not pass muster. *Id.* Leaving no ambiguity in its holding, the court further held:

> The fact that a public official committed a common law tort with tragic results fails to rise to the level of a violation of substantive due process. We hold therefore that motor vehicle accidents caused by public officials or employees do not rise to the threshold of a constitutional violation actionable under § 1983, absent a showing that the official knew an accident was imminent but consciously and culpably refused to prevent it. It is insufficient to show that a public official acted in the face of a recognizable but generic risk to the public at large. To hold otherwise would diminish the civil rights statutes to the equivalent of a body of general federal tort law, and open the courts to a flood of litigation which the framers of § 1983 clearly did not intend.

*Id.* at 421-22.

Given this standard, plaintiff's allegations do not pass muster, either. Plaintiff alleges that defendant Gorny was pursuing the "hot spot" in northwest South Bend unnecessarily, and that it was a "non-emergency" situation. Plaintiff further alleges that

4

Gorny drove at high rates of speed (in the vicinity of 78 and 98 mph at different times), while disregarding red lights and inconsistently activating his sirens and lights. However, such allegations are insufficient to state a claim under § 1983 because, like the facts in *Hill*, the facts alleged by plaintiff do not permit a reasonable inference, *see Iqbal,* 129 S. Ct. at 1949, that Gorny had sufficient knowledge of the danger such that one could further infer, *see Hill,* 93 F.3d at 421, that Gorny intended to inflict the resultant injury. Put another way, under *Hill,* the facts alleged do not permit a reasonable inference that Gorny "knew an accident was imminent but consciously and culpably refused to prevent it." *Hill,* 93 F.3d at 421. At best, plaintiff has alleged that Gorny "acted in the face of a recognizable but generic risk to the public at large." *Id.* Such allegations fail to satisfy *Hill*.

Plaintiff argues that the court should follow a district court opinion from the Southern District of Indiana, in which the court held that a plaintiff's allegations regarding a speeding police officer sufficiently stated a claim for a violation of § 1983. *Wells v. Bisard,* 1:11-CV-1049-WTL-DML, 2011 WL 5827213, at *2 (S.D. Ind. Nov. 18, 2011). Notably, the *Wells* court adopted the rules set forth in *Hill* as controlling in cases involving non-emergency operation of police vehicles, and as explained above, plaintiff's allegations do not meet the standards set forth in *Hill.* As for the application of the *Hill* standards to the facts, the facts in *Wells* presented a significantly different scenario than the one at issue here, as the defendant officer in that case was not only speeding, but had a blood alcohol level of .19 and was instant messaging about non-

5

police matters with another officer on the vehicle's laptop while driving the car. *Wells,* 2011 WL 5827213, at *1. These facts greatly distinguish *Wells* from the case at hand and are much more egregious allegations from which an inference of knowledge of danger may be drawn. Finally, to the extent that *Wells* presents a difference of opinion regarding the standards or application of *Hill,* the court is cognizant of its mandate to follow precedent from the Seventh Circuit Court of Appeals (i.e., the *Hill* decision itself), not necessarily fellow district courts' interpretations of those opinions (i.e., *Wells*).[2]

      2.     *Claims Against the City*

Defendants also seek dismissal of plaintiff's claims against the City under *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658 (1978), for employment of an illegal custom (Count III) and failure to train (Count II). Municipalities can be liable under § 1983 only where there is individual liability against the officer(s) on the underlying substantive constitutional claim. *Windle v. City of Marion,* 321 F.3d 658, 663 (7th Cir. 2003). Because plaintiff's § 1983 claim fails against Gorny, plaintiff's municipal claims against the City fail as well, and dismissal is appropriate.

---

[2] Plaintiff argues against the application of *County of Sacramento v. Lewis,* 523 U.S. 833, 833 (1998). Because the court does not rely on *Lewis* in this opinion, the issue is largely inconsequential. However, because all parties mention *Lewis* in their briefs, the court notes that the facts in *Lewis* presented an "emergency," high-speed chase scenario, distinguishable from the facts of this case taken in a light most favorable to plaintiff. It is also worth mentioning that *Lewis* did not contradict or overrule *Hill,* relied on herein.

Plaintiff argues that, under *Thomas v. Cook County Sheriff's Dept.,* 604 F.3d 293, 304-05 (7th Cir. 2010), it is possible for an officer to face no liability, and yet an employing municipality remains liable under *Monell*. This is, indeed, technically possible. Take, for instance, a circumstance where officers are absolved based on a defense of good faith. *Thomas,* 604 F.3d at 304; *Matthews v. City of E. St. Louis,* 675 F.3d 703, 709 (7th Cir. 2012) (distinguishing and explaining *Thomas*). In such a case, a constitutional violation occurred; the officers simply were not legally liable, even though the municipality still could be, based on the constitutional violation. *Thomas,* 604 F.3d at 304; *Matthews,* 675 F.3d at 709. However, where there is a finding that *no violation of constitutional rights occurred*, as is the finding in this case, then the municipality has no liability. *Thomas,* 604 F.3d at 304-05; *Matthews,* 675 F.3d at 709. Accordingly, plaintiff's argument is rejected, and her *Monell* claims are dismissed.

**B.     State Law Claims**

Plaintiff's remaining claims (Counts IV & V) are state law claims. Principles of comity encourage the court to relinquish supplemental jurisdiction over state-law claims when all of the federal claims are disposed of prior to trial. *See Hansen v. Bd. of Trs. of Hamilton Southeastern Sch. Corp.,* 551 F.3d 599, 608 (7th Cir. 2008); *Groce v. Eli Lilly & Co.,* 193 F.3d 496, 501 (7th Cir. 1999); 28 U.S.C. § 1367(c)(3). In this circuit, there is a "presumption" that federal courts will relinquish jurisdiction over supplemental state-law claims when the federal claims drop out of the case. *RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.,* 672 F.3d 476, 478 (7th Cir. 2012). "The presumption is rebuttable, but it

7

should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law." *Id.*

While in some circumstances it is appropriate for a district court to retain jurisdiction over state-law claims after the federal claims have dropped out of the case, none of those circumstances are present in this case. *See RWJ Mgmt.,* 672 F.3d at 478-81; *Sharp Elecs. Corp v. Metro. Life Ins. Co.*, 578 F.3d 505, 514–15 (7th Cir. 2009). Here, plaintiff will not be prejudiced by this dismissal because she may refile the case in state court as appropriate under Indiana's savings statute, Ind. Code § 34–11–8–1, and the tolling provision of 28 U.S.C. § 1367(d). Moreover, this matter remains at the pleading stage, and extensive judicial resources have not yet been committed to the claims such that sending the case to another court would cause a substantial duplication of effort. Finally, the merits of the state-law claims are not "absolutely" clear, and therefore a state court should have the opportunity to address the merits of these claims in the first instance. *See RWJ Mgmt.,* 672 F.3d at 478-81; *Sharp,* 578 F.3d at 514–15. In sum, because all federal claims have been dismissed, the court will relinquish supplemental jurisdiction over the remaining state-law claims.

IV. **CONCLUSION**

For the foregoing reasons, the court **GRANTS** defendants' motion to dismiss (DE # 19). The Clerk is **ORDERED** to close this case.

**SO ORDERED**.

Date: March 13, 2020

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT