UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| SORAIDA FLORES as personal representative of the estate of ERICA FLORES, deceased,<br>    Plaintiff, | )<br>)<br>)<br>)<br>) | |
| v. | ) | CAUSE NO.: 2:19-CV-64-PPS-JEM |
| | ) | |
| CITY OF SOUTH BEND and JUSTIN GORNY,<br>    Defendants. | )<br>)<br>) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Compel Defendants' Response to Plaintiff's Production Request and Plaintiff's Supplemental Interrogatories to Defendant City of South Bend [DE 56], filed July 30, 2022. Defendants filed a response on August 15, 2022, and Plaintiff filed a reply on August 22, 2022.

**I.   Analysis**

Plaintiff filed a Complaint for the death of Erica Flores as a result of an automobile accident with Defendant Gorny, a police officer in the employ of Defendant South Bend. Plaintiff seeks to compel Defendants to fully respond to her request for production of video footage and to an interrogatory regarding indemnification.

Pursuant to Federal Rule of Civil Procedure 26, the scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense. . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Furthermore, the Rule provides that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to

1

lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Likewise, "[t]he scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules." *Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 253 (S.D. Ind. 2002); *see also Teton Homes Europe v. Forks RV*, No. 1:10-CV-33, 2010 WL 3715566, *2 (N.D. Ind. Sept. 14, 2010). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses, s*ee* Fed. R. Civ. P. 37(a), and Rule 45(c)(3)(A) allows a court to quash a subpoena based on a timely motion where the subpoena requires the disclosure of privileged or other protected matter or subjects a person to undue burden. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii), (iv). A party objecting to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat'l Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when determining matters related to discovery. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993).

A. <u>Rule 37 Certification</u>

As an initial matter, Plaintiff did not file "a separate certification that the [moving] party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action" as required by Northern District of Indiana Local Rule 37-1 and Federal Rule of Civil Procedure 37. Defendants included copies of

2

correspondence indicating that the the parties attempted to resolve the matter without Court intervention. Because the instant motion is unsuccessful for the reasons stated below, the Court will not deny the Motion for failure to comply with the requirement; however, the Court reminds Plaintiff of the need to comply with all applicable Rules and warns Plaintiff that failure to comply with this or similar rules may result in summary denial of its requests.

B. <u>Video Footage</u>

Plaintiff seeks to compel all video and auto recordings of the events in the time period before, during, and in the aftermath of the incident. She argues that Defendants have failed to produce the entirety of the requested footage, and, in particular, failed to produce video of Defendant Gorny in the moments preceding the accident. Defendants argue that once the parties discussed the request and they understood the scope of the recordings being sought, they produced the relevant 30-second clip, and assert that they have provided all vehicle video footage recovered from Defendant Gorny's vehicle.

Plaintiff argues that there is other video footage she has not received. In particular, Plaintiff cites to an interview referring to a conversation that she contends "should also have been video recorded" and therefore must be produced. Defendants assert that they do not have any video recordings of that conversation, so they cannot be produced, and that the dispatch audio has been provided. Apparently on the basis of the existence of some vehicle video, Plaintiff asserts, without additional argument, that there must be video that captures the conversation recorded in the dispatch audio. Defendants do not make any specific argument about the existence or lack thereof of body camera footage in their response to the instant motion, but have reiterated that all video footage from that date that is in their possession has been produced to Plaintiff.  Plaintiff's

argument that Defendants are failing to produce video in their possession is based only on her assertion that there "should" be video to go along with the audio she has received, but she does not explain to the Court why she believes that video should exist. If she has or obtains deposition testimony or other information that leads Plaintiff to believe that Defendants are in possession of the requested information but have not provided it, Plaintiff may file a renewed motion to compel laying out that evidence. However, without further information from the parties about what was captured by video and why this conversation may not have been, the Court cannot conclude that any information is missing from what has been produced.

    C. <u>Indemnification</u>

In an interrogatory, Plaintiff questioned whether Defendant City of South Bend will indemnify Defendant Gorny if Gorny is found liable in this case. Plaintiff argues that Defendants' response, that "the City is proceeding as if it will be indemnifying and paying for any judgment against Defendant Justin Gorny if he is found liable" but that the position is subject to change, is vague and unresponsive, and requests that the Court compel a more definitive response. Defendants argue that at this stage, the City is not required to guaranty indemnity for Gorny. Under Indiana law, the City must indemnify Gorny for "personal civil liability for a loss occurring because of a noncriminal act or omission within the scope of the public employee's employment which violates the civil rights laws of the United States," Ind. Code § 34-13-4-1, but is only responsible for punitive damages or settlement if the City determines that payment "is in the best interest of the governmental entity." *Id*. Accordingly, Defendants argue, the final indemnity decision will not occur until after judgment or settlement. The City has been proceeding as if it will indemnify Defendant Gorny on the belief that Plaintiff is not entitled to punitive damages and

Defendant Gorny did not engage in criminal conduct, but does not foreclose the possibility that circumstances may change or facts may arise that cause it to determine it is not appropriate to indemnify Gorny for a punitive damages award.

Counsel for Plaintiff argues that he cannot advise his client as to the risks of a jury trial and Plaintiff cannot engage in good faith settlement negotiations without the indemnification information and asserts, without citation to any law or caselaw, that the City should be required to commit now to indemnify Defendant Gorny. Mere assertions, without legal citation, that it would like that information do not entitle it to bind the City to a position different than state law requires. Although Plaintiff does not have perfect information about the possible source of payment if she is successful in obtaining punitive damages, Defendants have provided the best answers they can at this time and appear to be acting in compliance with the relevant code.

## II.     Conclusion

For the foregoing reasons, the Court hereby **DENIES** Plaintiff's Motion to Compel Defendants' Response to Plaintiff's Production Request and Plaintiff's Supplemental Interrogatories to Defendant City of South Bend [DE 56]. As Rule 37(a) provides, because "the motion is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). Accordingly, the Court **ORDERS** Defendants to file, on or before **November 18, 2022**, an itemization of its costs and fees, including attorney's fees, incurred in defending against the Motion to Compel along with argument as to why those expenses are

reasonable in this situation. The Court **ORDERS** Plaintiff to file a response by **December 2, 2022**, and Defendants to file a reply, if any, by **December 9, 2022**.

      SO ORDERED this 4th day of November, 2022.

                                          s/ John E. Martin
                                          MAGISTRATE JUDGE JOHN E. MARTIN
                                          UNITED STATES DISTRICT COURT

cc:     All counsel of record