**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| SORAIDA FLORES as personal | ) | |
| representative of the estate of ERICA | ) | |
| FLORES, deceased, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:19-CV-64-PPS-JEM |
| | ) | |
| CITY OF SOUTH BEND and | ) | |
| JUSTIN GORNY, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Strike Objections and Compel Defendants' Responses to Plaintiff's Production Request to Defendant City of South Bend and for Case Management Conference [DE 76], filed April 7, 2023. Defendants filed a response on April 26, 2023, and on May 4, 2023, Plaintiff filed a reply.

### I.    Analysis

Plaintiff filed a Complaint for the death of Erica Flores as a result of an automobile accident with Defendant Gorny, a police officer in the employ of Defendant South Bend who was allegedly engaged in a high-speed pursuit at the time of the incident. Plaintiff seeks to compel complete answers to its requests for pursuit reviews and related data and documentation regarding officer pursuits for a ten-year period of time, and requests that the Court strike South Bend's responses as improper.

Pursuant to Federal Rule of Civil Procedure 26, the scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense. . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery

1

of admissible evidence." Fed. R. Civ. P. 26(b)(1). Furthermore, the Rule provides that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Likewise, "[t]he scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules." *Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 253 (S.D. Ind. 2002); *see also Teton Homes Europe v. Forks RV*, No. 1:10-CV-33, 2010 WL 3715566, *2 (N.D. Ind. Sept. 14, 2010). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). A party objecting to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat'l Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when determining matters related to discovery. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993).

South Bend argues that Plaintiff's discovery requests are unduly burdensome and that it has sought to compromise by limiting the scope of its production in a way that still provides Plaintiff with the necessary information. Plaintiff argues that South Bend's compromise is inadequate.

Plaintiff requested all documents and information related to all pursuit reviews or pursuit events for ten years. South Bend concluded that would encompass 763 events. It includes the affidavit of the Captain of the South Bend Police Department who explains that pursuit events are recorded in IAPro software and that a pursuit review committee then reviews the pursuit and

related information, after which it prepares a form report of its findings. He explains that the full records related to the pursuit review may encompass paper files kept in storage and organized by officer name, electronic records, and video recordings. South Bend estimates that compiling and reviewing all the records for all 763 events would require the equivalent of an entire year of more than full time employment, and that because of the nature of the internal affairs files, the task could be accomplished by only a few particular officers who would then be unable to adequately complete the rest of their duties.

South Bend argues that it agreed to limit its response to the time period of January 1, 2015 to July 20, 2018, a shorter time period encompassing approximately 345 pursuit events, and would produce the pursuit review forms for each of those events rather than the entire universe of documents. The time period would still begin before the hiring of Officer Gorny. South Bend argues that the pursuit review forms should provide all information needed to determine whether a pattern of conduct existed necessitating different or additional training.

Plaintiff argues that the failure of South Bend to store or index records in an accessible manner should not be a reason to conclude that they need not produce those records. Plaintiff also characterizes the pursuit review form as a sanitized summary of information. Plaintiff argues that, according to the Captain's affidavit, electronic copies of records related to disputes are saved, so at the least South Bend should produce those electronic records and those pursuit event documents retrievable from software used by South Bend for the entire ten year period. Plaintiff argues that it requires the full ten years of records to compare the records of other officers to those of Gorny to enable them to challenge South Bend's claims with respect to Plaintiff's *Monell* failure to train claim.

3

The Court concludes that Plaintiff's initial request is overbroad and unduly burdensome, but that South Bend's proposed compromise is not entirely sufficient, particularly given the *Monell* claims in this case. South Bend must produce the short pursuit review forms from a five-year period of July 1, 2013 through July 20, 2018, encompassing slightly more than just the time period immediately preceding Gorny's hiring. It also must produce electronic documents from the IAPro software from the time period of January 1, 2015, through the time of the event in question. In addition, if, after review of the pursuit review forms, Plaintiff requests additional information about a limited number of specific pursuits, South Bend should provide that information, within reason.

Plaintiff also requests a case management conference to discuss discovery compliance. This case is currently set for a status conference on May 25, 2023, and the timing of production can be addressed then.

## II.   Conclusion

Accordingly, the Court hereby **GRANTS in part and DENIES in part**, as described herein, Plaintiff's Motion to Strike Objections and Compel Defendants' Responses to Plaintiff's Production Request to Defendant City of South Bend and for Case Management Conference [DE 76]. Because of the nature of the dispute, the Court concludes that the motion was substantially justified and circumstances make an award of attorney's fees unjust. *See* Fed. R. Civ. P. 37(a)(5). The Court **REAFFIRMS** the telephonic status conference set for **May 25, 2023, at 9:30 a.m.** (Central Time), with parties instructed to dial 877-873-8017 and enter access code 5155509# when prompted. Parties should be prepared to discuss the time needed to complete the discovery as described herein as well as any other remaining discovery as well as to address whether a judicial

settlement conference would be fruitful.

SO ORDERED this 23rd day of May, 2023.

s/ John E. Martin_____
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record