UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| SORAIDA FLORES, as Personal Representative of the Estate of Erica Flores, deceased, | ) | |
| Plaintiff, | ) | Cause No. 2:19-cv-64-PPS |
| v. | ) | |
| CITY OF SOUTH BEND, and JUSTIN GORNY, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

We're seven years into this litigation. It's been nearly five years since it was remanded from the Seventh Circuit. Discovery lasted several years. Summary judgment was filed and granted in favor of the City of South Bend a few months ago. After all this, Plaintiff now moves to amend her complaint to add two state law claims against South Bend. Those very claims were previously dismissed without prejudice from a parallel state court proceeding nearly four years ago. Because the motion to amend is untimely and will cause prejudice, it will be denied.

**Background**

South Bend Police Officer Justin Gorny, while responding to a non-emergency call, ran a red light going over 90 miles an hour and struck Erica Flores' car broadside, killing her. Soraida Flores, as personal representative of the estate of Erica Flores, filed the complaint in this case on February 15, 2019 bringing five counts: (1) a § 1983 claim

against Gorny for violating Erica Flores' constitutional rights; (2) a *Monell* claim against the City of South Bend under a theory that the municipality failed to train its police officers leading to the violation of Flores' constitutional rights; (3) a *Monell* claim against the City of South Bend for having a widespread practice or custom that led to the violation of Flores' constitutional rights; (4) a state law wrongful death claim against Gorny based upon willful and wanton conduct; and (5) a second wrongful death claim against Gorny based upon negligence.

The case was originally assigned to Judge Moody, who dismissed it under Federal Rule of Civil Procedure 12(b)(6) on March 13, 2020. *Flores v. City of South Bend*, 2020 WL 1234869 (N.D. Ind. Mar. 13, 2020). Plaintiff appealed and, while the appeal was pending in 2020, filed a lawsuit in state court against South Bend and Justin Gorny, alleging the materially same facts and bringing the same counts with one notable exception: counts four and five in the state court lawsuit were also brought directly against South Bend, not just Officer Gorny like they were in the federal case. *See Flores v. City of S. Bend, et al.*, 71C01-2007-CT-245; DE 237, 1.

On May 12, 2021, the Seventh Circuit reversed and remanded Judge Moody's dismissal order holding that, while Plaintiff's *Monell* claim based on a widespread custom or practice could not survive dismissal, the failure to train claim did state a claim against the City of South Bend. *Flores v. City of South Bend*, 997 F.3d 725, 733-34 (7th Cir. 2021). When the case came back to the district court, it was reassigned to me. [DE 34.] Discovery promptly began thereafter and it lasted for several years. Over a dozen depositions were taken, and South Bend tells me they produced over 12,000

pages of records. Discovery was also highly contentious, with multiple contested discovery motions and multiple discovery extension requests. *E.g.*, DE 56; DE 60; DE 76; DE 108; DE 122.

Over a year into discovery in this case, the state court judge dismissed the state court case under Indiana Rule 41(e) for a failure to prosecute. [DE 238-2 (plaintiff stating in state court filing that they are "in receipt of the Court's Order of October 4, 2022, dismissing the case pursuant to Trial Rule 41 (E).")]. Plaintiff filed a response to the dismissal telling the state court judge that the "matters contained within this cause are being diligently prosecuted" in the federal court and that "if necessary, Plaintiff will move to reinstate this matter under Trial Rule (41) at the appropriate time and if that need arises." *Id.* The state court judge held a hearing and issued an order on December 18, 2022, stating that "if the federal court case is dismissed or remanded to state court that any party may move to reinstate this cause with the Court" and amended the previous order to clearly state that the dismissal is "without" prejudice. [DE 237, Ex. D.]

Discovery finally wrapped up in this case in June of 2025. [DE 131.] Gorny and South Bend both moved for summary judgment in August of 2025, which was fully briefed and argued by December of 2025. On March 23, 2026, I granted summary judgment in favor of South Bend on the *Monell* failure to train claim but denied summary judgment as to Officer Gorny. [DE 189.] In particular, I found that a reasonable jury could conclude that Gorny committed a constitutional violation, and I further found that Gorny was not entitled to qualified immunity. *Id*. That decision is presently on appeal to the Seventh Circuit which has caused this case to be shelved once

again. [DE 203.] Thereafter, Plaintiff filed the present motion for leave to file its first amended complaint. [DE 229.]

As Plaintiff explains in their briefing, they are seeking leave to add two additional state law claims:

- "Count VI — Wrongful Death Negligence City of South Bend", based on its failure to properly train and supervise Defendant GORNY, resulting in the death of ERICA FLORES.
- "Count VII — Wrongful Death Respondeat Superior Negligence City of South Bend", based on the City of South Bend's vicarious liability for the negligence and willful and wanton conduct of Defendant GORNY.

[DE 230, 2.] The addition of these new counts is the only notable change in the proposed amended complaint. The factual allegations are materially identical to those in the original complaint. Further, all of the original claims—including those against the City of South Bend that were previously dismissed—are again included in the proposed amended complaint.

**Discussion**

Except when allowed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The Court should freely give leave when justice so requires." *Id.* "The Supreme Court has interpreted this rule to require a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357–58 (7th Cir. 2015). The decision whether to allow an amended complaint to be filed is

generally left to the discretion of the trial judge. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971).

The most notable issue with this motion to amend is that it is unduly delayed. "Motions for leave to amend are generally denied based on undue delay when they are filed long after the filing of the original pleading and after extensive litigation." *East v. Dimon*, 2021 WL 929668, at *1 (N.D. Ind. Mar. 11, 2021) (citing *Hoenig v. Karl Knauz Motors, Inc.*, 983 F. Supp. 2d 952, 959–60 (N.D. Ill. 2013) (collecting cases)). Moreover, when a delay appears to have been caused more by "procedural gamesmanship than legitimate ignorance or oversight," that delay is even more likely to be undue. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 687 (7th Cir. 2014).

As explained above, this case has been ongoing for over *seven* years. It returned from the Circuit five years ago, involved extensive discovery that closed over a year ago, and this motion to amend was only filed after I issued my summary judgment opinion. The timing of the motion also cannot be attributed to ignorance or oversight, as Plaintiff brought the same claims she wishes to add here in the parallel state court proceedings six years ago in 2020, and the state court judge dismissed those claims without prejudice in 2022.

Courts have regularly denied motions to amend for being unduly delayed, often on facts far less severe than those presented here. *See, e.g., Johnson v. Cypress Hill*, 641 F.3d 867, 872 (7th Cir. 2011) (affirming denial of motion to amend brought four years into the litigation and after the defendant had moved for summary judgment, stating "there must be a point at which a plaintiff makes a commitment to the theory of his

case. Johnson's request to change his claims on the eve of summary judgment is exactly the sort of switcheroo we have counseled against.") (cleaned up)); *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 772-73 (7th Cir. 1995) (affirming denial of motion to amend as unduly delayed and prejudicial when made after discovery has been closed and after a defendant's motion for summary judgment had been filed); *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (affirming denial of motion to amend filed fourteen months into the litigation and closely before trial); *Alinsky v. United States,* 415 F.3d 639, 648 (7th Cir. 2005) (affirming the district court's denial of a motion for leave to amend because it was filed "approximately three years after the start of the litigation and approximately eight months after the plaintiffs completed discovery"); *Checker Taxi Co., Inc. v. National Production Workers Union*, 113 F.R.D. 561, 570 (N.D. Ill. 1986) ("[Plaintiffs] have suggested no reason for their six-year wait—and the fact they have now lost on the legal theory they chose to pursue instead of an antitrust claim is scarcely a justification."). Our case presents even more egregious facts than the cases just cited—for example, recall that prior to the motion to amend being filed in this case, summary judgment motions hadn't just been filed, they had been *ruled on*.

Plaintiff argues that this situation is distinct from the voluminous, unfavorable case law cited above because "South Bend has known about these claims since 2020, and it told the state court as much." [DE 237, 7.] Plaintiff goes further, arguing that South Bend not only was aware of these claims due to the state court proceeding, but also that South Bend "acquiesced to their dismissal without prejudice, through which they acknowledged Plaintiff's right to refile them." *Id.* at 5 (citing DE 237, Ex. D).

To support its assertion that South Bend acknowledged Plaintiff's right to refile these claims, Plaintiff cites to the state court judge's December 18, 2022 order dismissing the claims without prejudice. In relevant part, that order states that the parties informed the state court that "the matter has continued to be litigated diligently in the District Court" and that "if the federal court case is dismissed or remanded to state court that any party may move to reinstate this cause with the Court[.]" [DE 237, Ex. D.]

Plaintiff claims that by filing a motion to amend to bring these state law claims against South Bend in federal court after losing on the *Monell* claims, she is pursuing "exactly the course the parties' own dismissal order contemplated." [DE 237, 6.] South Bend says that this misstates the state court record. [DE 238-1, 2; DE 241, 2.] Plaintiff's rejoinder is that there is "nothing to misrepresent: the condition precedent to refiling her state-law claims has occurred, and Plaintiff is proceeding exactly as the order anticipated—in this Court, to avoid reinventing the wheel and facing a deluge of new procedural roadblocks and South Bend's legal gymnastics in state court." [DE 239, 1-2.]

Plaintiff appears to be ignoring the plain language of the order. The order does not say anything about the state law claims dismissed without prejudice in that case being brought in the federal case, much less anything about bringing them in the federal case four years later and after summary judgment had been ruled on. Instead, the order clearly says that if the "federal court case" is dismissed or remanded to state court, a party may move to reinstate this cause "with the Court[.]" [DE 237, Ex. D.] When the state court judge used the term "the Court" it was clearly referring to itself. Throughout the order, when it is referring to itself, it uses "the Court", and when it is

referring to the federal court, it uses "the District Court" or "the federal court". *Compare id.* ("This matter comes before the Court pursuant to the Court's Order" *with id.* "the matter has continued to be litigated diligently in the District Court…" and "if the federal court case is dismissed or remanded…"). This order clearly means that if the federal case were dismissed or remanded to state court, the parties could revive their case *in state court*. Moreover, interpreting the order as Plaintiff asks would produce a nonsensical result where the state court judge could enter an order directing how the case in *federal* court should operate.

This order, which Plaintiff asserts South Bend acquiesced to, may have put South Bend on notice back in 2022 that these claims *may* be revived in state court. However, this order could not have reasonably put South Bend on notice that these claims would be brought in *federal* court in 2026 after summary judgment because that is plainly not what the order says. So, Plaintiff's argument that this case is meaningfully distinguished from the case law by virtue of notice and consent to this process fails.

Plaintiff further argues that it is necessary to bring these claims in this court because "Plaintiff cannot count on South Bend agreeing to let that claim proceed" in the state court and "to avoid further gamesmanship and motions to dismiss in state court." [DE 237, 2.] It is difficult to make sense of how this argument weighs in favor of allowing an amended complaint here. South Bend has a right to oppose claims made against it by filing a motion to dismiss and other pertinent motions, either here or in state court. Moreover, it will ultimately not be up to South Bend to "let that claim" proceed in state court; it will be up to the state court judge. If Plaintiff wishes to bring

new claims, Defendants are permitted to oppose them, and if Plaintiff's decision not to bring these claims until now has resulted in procedural problems with bringing the new claims in either forum, then Plaintiff may not point to those very issues as a reason for me to allow an amendment.

Allowing an amended complaint at this point would also be burdensome on the court and the parties. Plaintiff tries to shrug off these concerns, primarily by arguing that the new claims are similar to the existing claims and arise out of the same facts. However, as South Bend asserts, there would assuredly be additional motion practice and, potentially, more discovery, as these are distinct claims against South Bend with distinct elements that South Bend was not able to conduct discovery on before. *See McCann v. Frank B. Hall & Co., Inc.*, 109 F.R.D. 363, 368 (N.D. Ill. 1986) ("When a complaint's theories of liability and recovery are altered after discovery is substantially completed, the defendant has the right to obtain information regarding the new claims through additional discovery."). At the *very* least, this would be a late-stage change in theory that would burden the court. *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 838 F.2d 904, 909 (7th Cir. 1988) ("[T]he burden to the judicial system from allowing parties to change theories in midstream is a pertinent factor and may in appropriate cases justify a refusal to allow an amendment even if the amendment would cause no hardship at all to the opposing party.").

Additionally, although Plaintiff states in her opening brief that she is seeking leave to "add two additional counts," that is not all this amendment would do. [DE 229, 2.] The proposed amended complaint would also revive both of the *Monell* claims

(failure to train and *de facto* policy, practice, and/or custom) which are restated in the amended complaint nearly verbatim. Reasserting these would be futile. Concerning the failure to train claim, I have granted summary judgment to South Bend on that count and denied Plaintiff's motion for reconsideration. [DE 189, DE 242.]

As for the *de facto* policy claim, the Seventh Circuit affirmed dismissal of that claim because "we do not see enough in this complaint to permit Flores to proceed on the *de facto* policy theory." *Flores*, 997 F.3d at 733. After South Bend raised this issue in its response and pointed out that the factual allegations in the proposed amended complaint are identical to the original complaint, Plaintiff briefly argues in her reply that the "amended complaint incorporates the discovery record built since remand, which did not exist when the Seventh Circuit ruled and could not have been pled at that time." [DE 237, 7.] This argument runs up against the problem of undue delay, but even more glaringly, the amended complaint does *not* incorporate the discovery record.

As South Bend asserts and Plaintiff accepts, the factual allegations in the complaint are materially identical. [DE 235, 14 ("The factual allegations of the proposed amended complaint are identical to the original complaint."); DE 237, 6 ("South Bend's own brief admits that '[t]he factual allegations in the two complaints are materially identical.'"). Motions to dismiss primarily look at the pleadings, and the Seventh Circuit, looking at materially identical factual allegations in the original complaint, dismissed this claim. If Plaintiff is trying to now argue that the discovery is somehow automatically incorporated, she provides no citation for that assertion, and it contravenes my understanding of the law. *Grand Opera Co. v. Twentieth Century-Fox Film*

*Corp.*, 235 F.2d 303, 307 (7th Cir. 1956) ("It is elementary that the district judge, in considering the motions to dismiss the amended complaint, had no right to consider any facts except those well-pleaded in the amended complaint.").

Lastly, Plaintiff asserts in her reply that bringing these claims is necessary in case South Bend does not fully indemnify Officer Gorny. Specifically, Plaintiff asserts that South Bend has been equivocal on the extent it will indemnify Gorny and the law makes their obligation to do so "conditional," so it now wishes to pursue a state law claim against South Bend to "ensur[e] that South Bend, not just its officer, answers for Erica Flores' death[.]" [DE 237, 4.]

This argument does not address the issue of undue delay, as indemnification was *always* a potential issue. There was nothing stopping Plaintiff from bringing these state law claims against South Bend at the beginning of this suit over seven years ago, or amending their complaint to add it after the case in state court was dismissed without prejudice four years ago, or during the extensive discovery period. For reasons I do not understand, Plaintiff chose not to do so and chose to stick with only her federal claims against South Bend.

While I will not speculate here as to why Plaintiff chose not to pursue these state law claims in this court earlier, I note that they only brought them at the eleventh hour *after* the other claims against South Bend were rejected. Plaintiff's argument that this could leave them with potentially no way to collect against South Bend is a consequence of the claims they chose to bring against South Bend being rejected and Indiana having specific requirements for indemnification of officers. That does not entitle Plaintiff to

now bring additional claims against South Bend after summary judgment. *See Checker Taxi Co., Inc.*, 113 F.R.D. at 570 ("[Plaintiffs] have suggested no reason for their six-year wait—and the fact they have now lost on the legal theory they chose to pursue instead of an antitrust claim is scarcely a justification.").

**Conclusion**

For the reasons stated above, the motion to amend [DE 229] is DENIED.

SO ORDERED.

ENTERED: October 26, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT